IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cr-30089-DWD |
| ) | |
| DAMMARO D. PERKINS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

On March 30, 2022 Defendant was sentenced to 27 months' (the high-end of the guideline range applicable at sentencing) imprisonment for two counts for Distribution of a Cocaine and Cocaine Base to be served concurrently. The sentenced imposed was ordered to run consecutively to another sentence imposed on a supervised release revocation in case number 05-cr-30137-SMY. At sentencing Defendant's criminal history category was V and his advisory guideline range was 21 to 27 months imprisonment.

On December 1, 2023, Defendant filed a *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. (Docs. 35 and 38). The Federal Public Defender ("FPD") entered an appearance on Defendant's behalf. Thereafter, the FPD filed a Motion for Sentence Reduction. (Doc. 40). The FPD argued that Defendant was eligible for a reduction of sentence under Part A of Amendment 821 because, under the retroactive amendment, Defendant's criminal history category was reduced to IV, resulting in a lower advisory guideline range of 15-21 months' incarceration. The

Government agreed, and both parties recommended a reduction from 27 months of imprisonment to 21 months of imprisonment. (*Id*).

Upon consideration of the record, the policy statement set forth at U.S.S.G. §1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), including as considered, evaluated, and applied by the undersigned at the time of the original sentence, the Court found that the proposed reduction to 21 months of imprisonment (the high-end of the revised guideline range) was appropriate. Accordingly, the Court reduced Defendant's sentence from 27 months of imprisonment to 21 months of imprisonment.

Now pending is Defendant's *pro se* Motion for Reconsideration. (Doc. 43). Defendant contends that the Court should have reduced his sentence to 15 months' imprisonment – the low-end of the amended guideline range. In support of his motion, Defendant asserts that, while incarcerated, he has not incurred any disciplinary violations and that he has completed various educational courses. Therefore, according to Defendant, a reduction to the low-end of the guideline range is appropriate.

Assuming that Defendant's unsupported assertions regarding his post-conviction conduct are true, the Court commends Defendant for his accomplishments. However, good behavior in prison, while commendable, is expected. Here, Defendant's alleged good behavior does not outweigh the continuing need for the sentence imposed to reflect the seriousness of the offense for which Defendant was convicted, to deter future criminal conduct, and to protect public safety. In summary, the Court finds that a sentence of 21

months of imprisonment is sufficient but not greater than necessary to meet the goals of sentencing in this case. Accordingly, Defendant's motion for reconsideration is **DENIED**.

**SO ORDERED**.

Dated: January 9, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
